UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 06-497-GWU


CURTIS OSBORNE,                                                                PLAINTIFF,


VS.                                        **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


**INTRODUCTION**

The plaintiff had filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits, and, after denials at the initial and reconsideration levels, requested a hearing before an Administrative Law Judge (ALJ).  It is not disputed that the defendant mailed a notice on March 21, 2006 informing the plaintiff that his hearing was scheduled for May 10, 2006.  Docket Entry No. 8-2, pp. 2-3, No. 8-4, p. 1.  The plaintiff failed to appear, and the ALJ issued a "Notice to Show Cause for Failure to Appear," to which the plaintiff responded that he had not checked his mail at the post office for several months. The ALJ found that this did not establish "good cause" for his failure to appear at the original hearing, and dismissed the request for a new hearing.  Docket Entry No. 8-4, 8-5.  The Appeals Council denied Mr. Osborne's request for review of the order, and the present action was filed.  It is currently before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction.

1

06-497 Osborne

## DISCUSSION

The Commissioner asserts that the court lacks subject matter jurisdiction because Mr. Osborne never received a final, reviewable decision.  42 U.S.C. Section 405(g) permits a claimant to receive judicial review only after a final decision has been made after a hearing to which he was a party.  The Supreme Court interpreted this language to mean that there was no subject matter jurisdiction for courts to review a decision of the Secretary of Health and Human Services (now the Commissioner) to dismiss, without a hearing, a petition to reopen a prior, final decision.  Califano v. Sanders, 430 U.S. 99, 107-8 (1977).  The Court held that the statute could not be read to authorize judicial review of alleged abuses of agency discretion, and subject matter jurisdiction would only exist where a claimant has established a "colorable constitutional claim."  Id. at 108-9.

In the present case, the claimant has not alleged a constitutional violation. He provided an affidavit to the Appeals Council describing extenuating circumstances for his failure to appear.  Docket Entry No. 8-4.[1]  The Appeals Council found no basis for changing the ALJ's decision, and denied the request for review.  Docket Entry No. 8-7.  Counsel for the plaintiff provides additional

---

[1]The affidavit states that Mr. Osborne was under mental stress because his mother had recently been placed in a nursing home and he was required to provide round the clock care for his 85 year-old father.  Docket Entry 8-4.  It is not clear if this information had been provided to the ALJ.

06-497 Osborne

information, apparently for the first time, in his Response to Motion to Dismiss, that counsel was present on the day of the hearing, and attempted to contact his client, but was not successful.  Docket Entry No. 10.  He argues that it cannot be assumed that Mr. Osborne had abandoned his claim.

At most, therefore, it appears that counsel's argument is that the ALJ abused his discretion, not that any constitutional right was violated.  The plaintiff was given ample notice of the time and place of the hearing, but, after requesting the hearing, evidently had made himself inaccessible to postal and telephonic communications. Even if a constitutional claim had been explicitly made, it would be patently frivolous.[2]  The Eighth Circuit Court of Appeals has held that even an allegation that the Secretary knowingly sent a notice of her denial of benefits to an improper address did not create a colorable constitutional claim, and that a policy of mailing notices to a claimant's last known address was reasonable.  Lively v. Bowen, 827 F.2d 268, 269-701 (8th Cir. 1987).

Therefore, the court concludes that even if the Commissioner's dismissal of the request for a new hearing could be characterized as an abuse of discretion, the

_____

[2]As the Sixth Circuit put it: "Simply couching in constitutional language what is in reality an argument that the Secretary abused his discretion in refusing to reopen a claim, does not convert the argument into a colorable constitutional challenge." Ingram v. Secretary of Health and Human Services, 830 F.2d 67 (6th Cir. 1987).

06-497 Osborne

absence of any colorable constitutional claim leaves it without jurisdiction to hear his case.

Accordingly, the defendant's Motion to Dismiss will be granted by a separate order entered this same date.

This the 15th day of August, 2007.

**Signed By:**

_**G. Wix Unthank**_ 

**United States Senior Judge**